IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PALM BEACH VACATION OWNERS ASSOCIATION, INC., *et al.*,<br>    Plaintiffs, | )<br>)<br>)<br>) |
| vs. | ) CIVIL ACTION NO. 12-00027-KD-B |
| | ) |
| ESCAPES!, INC., *et al.*,<br>    Defendants. | )<br>)<br>) |

**ORDER**

This matter is before the Court on the motion of Defendants Escapes, Inc., Escapes! to the Gulf, Inc., Escapes! Property Management, L.L.C., Escapes! Travel Choices, LLC, Kent Burger, and Neff Basore (collectively, the "Escapes Defendants") to compel arbitration of certain claims set forth in Plaintiffs' Third Amended Complaint (Doc. 38), Plaintiffs' response in opposition (Doc. 40), the Escapes Defendants' reply (Doc. 56), Plaintiffs' motion for leave to file a fourth amended complaint (Doc. 41), and Defendants' response in opposition (Doc. 51). Upon consideration, and following oral argument, the Escapes Defendants' motion to compel arbitration is due to be **GRANTED**, and Plaintiffs' motion for leave to file an amended complaint is due to be **GRANTED in part and DENIED AS MOOT in part**.

**I.    Background**

In large part, this suit arises out of a dispute concerning the rightful control of the Palm Beach Vacation Owners Association, Inc. ("VOA"), the association of vacation week owners having interval ownership interests in certain units at the Palm Beach Resort in Orange Beach, Alabama. (Doc. 19 at 2, ¶ 1; id. at 7 ¶ 16; Doc. 20 at 1, ¶ 1; id. at 3, ¶ 16). The VOA commenced this action by filing in state court a complaint against three of the Escapes Defendants. (Doc. 1-1 at 1-6). After the VOA amended its complaint and obtained a temporary

restraining order against the three defendants in the state court action (id. at 15-20, 27-35), those defendants timely removed the case to this Court on the basis of diversity.  (Doc. 1).  Following removal, the VOA amended its complaint two more times, naming eight new parties and alleging six additional causes of action.  (Docs. 17 & 19).  At present, Plaintiffs' Third Amended Complaint (Doc. 19) is the operative pleading before the Court.

## II.     Motion To Compel Arbitration and Stay the Instant Action (Doc. 38)

The Escapes Defendants contend that, with the notable exception of a declaratory judgment claim brought by Plaintiff Palm Beach Condominium Owners Association, Inc. ("COA") (id. at 13-14, ¶¶ 45-46), the claims asserted in the Third Amended Complaint are subject to arbitration.  The Escapes Defendants rely on two written arbitration provisions, the first of which is set forth in the Declaration of Condominium ("Declaration") that the original developer of the Palm Beach Resort duly filed in December 2000:

> Governing Law and Arbitration of Disputes.  Should any dispute arise between any of the parties whose rights or duties are affected or determined by the Condominium Documents, such dispute shall be governed by the laws of the State of Alabama, and such dispute, disagreement, or question between the parties. including any between the Association and Developer, except a dispute concerning the filing or enforcement of a lien as provided for elsewhere in this Declaration, shall be submitted to arbitration under the Rules of the American Arbitration Association or as the concerned parties may later agree in writing. The arbitration shall render a decision which shall be binding on all parties to the arbitration, based on traditional and standard interpretation of the laws of the State of Alabama.  All parties subject to this Declaration forego all right to take legal action thereunder except to enforce any arbitration award, which award shall be a condition precedent to any right of legal action that any party may have against the other.  It shall be deemed that each party who takes title subject to the terms of this Declaration stipulates that this Development and contracts relating to same have a substantial effect on interstate commerce.

(Doc. 19-1 at 33, § 20.05).  The second arbitration provision is contained within the February 2001 property management agreement between the VOA and CooperShare Resorts, Inc., a corporation that later assigned its interests in that agreement to Defendant Escapes! Property

Management, L.L.C. (Doc. 1-2 at 2, ¶ 2):

> Should any dispute arise as to the rights of any of the parties under this Agreement, including the powers and duties of the parties and all of the terms and conditions of this Agreement, and said dispute cannot be amicably settled and resolved between the parties, then either party shall have the right to submit the matter in controversy for arbitration in accordance with the laws of the State of Alabama.

(Doc. 1-3 at 8, ¶ 15).

In response, Plaintiffs argue that the arbitration clauses are unconscionable. (Doc. 40 at 6-8). In the alternative, Plaintiffs also argue that the arbitration clauses do not reach a) Count Three of the Third Amended Complaint (asserting a breach of contract claim for unpaid assessments); b) any of Plaintiffs' claims against Defendants Vacation Rentals, Inc. ("VRI") and Dan Lombard ("Lombard"); or c) a lien enforcement claim that Plaintiffs seek to assert in their Fourth Amended Complaint. (Id. at 8-13). Finally, Plaintiffs suggest that two questions of Alabama law should be certified to the Alabama Supreme Court before arbitration is compelled. (Id. at 13-16). The Court will address each argument in turn.

    A.    Unconscionability

As the parties asserting the affirmative defense of unconscionability, Plaintiffs bear the burden of presenting substantial evidence to support a finding that the arbitration provisions are unconscionable. See Ex parte Napier, 723 So. 2d 49, 53 (Ala. 1998). An unconscionable contractual provision is one that "no man in his sense and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." Blue Cross Blue Shield of Ala. v. Rigas, 923 So. 2d 1077, 1086 (Ala. 2005) (citations omitted). To avoid an arbitration clause on the ground of unconscionability, the objecting party must show both procedural and substantive unconscionability. Id. at 1087. Procedural unconscionability concerns "procedural deficiencies in the contract formation process, such as deception or a refusal to bargain over

3

contract terms, today often analyzed in terms of whether the imposed-upon party had meaningful choice about whether and how to enter into the transaction," whereas substantive unconscionability

> relates to the substantive contract terms themselves and whether those terms are unreasonably favorable to the more powerful party, such as terms that impair the integrity of the bargaining process or otherwise contravene the public interest or public policy; terms (usually of an adhesion or boilerplate nature) that attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law, fine-print terms or provisions that seek to negate the reasonable expectations of the nondrafting party, or unreasonably and unexpectedly harsh terms having to do with price or other central aspects of the transaction.

Ex parte Foster, 758 So. 2d 516, 520 n.4 (Ala. 1999) (quoting 8 Richard A. Lord, Williston on Contracts § 18:10 (4th ed. 1998)).  Plaintiffs have failed to come forward with evidence to establish either.

Plaintiffs have made no showing of procedural deficiencies in the contract formation process.  In determining whether an arbitration agreement is procedurally unconscionable, Alabama courts will look at whether the consumer could obtain the product from the vendor or from another vendor without agreeing to an arbitration provision.  Rigas, 923 So. 2d at 1087. Plaintiffs bear the burden of demonstrating that the product cannot be obtained without signing an arbitration agreement.  See Leeman v. Cook's Pest Control, Inc., 902 So. 2d 641, 645 (Ala. 2004).  However, putting aside the unsworn and unsupported representations that Plaintiffs' counsel offered at oral argument, Plaintiffs have not presented any evidence demonstrating that, without agreeing to an arbitration provision, Plaintiffs could not have purchased a condominium unit or participated in a time share arrangement in Orange Beach, Alabama other than at Palm Beach Resort.  Furthermore, Plaintiffs have not presented any evidence that they ever attempted to amend the Declaration or to revise the property management agreement to excise the

arbitration provisions therein.[1]

With respect to substantive unconscionability, Plaintiffs have not presented any evidence that the arbitration clauses at issue here contravene public policy or are unreasonably favorable to the Escapes Defendants. The clauses do not provide the Escapes Defendants with certain rights and benefits while simultaneously denying the same to Plaintiffs. See Doc. 56 at 4. Furthermore, the provisions are set forth conspicuously in documents that were either provided or made available to Plaintiffs. See id. at 4-5.

In sum, the Court concludes that the arbitration provisions relied upon by the Escapes Defendants are neither procedurally nor substantively unconscionable.

B.   Nonarbitrable claims

The Court can easily dispose of two of Plaintiffs' three arguments regarding the reach of the Declaration's and property management agreement's arbitration clauses. First, Plaintiffs' argument concerning the nonarbitrability of the lien claim that Plaintiffs propose to assert in a fourth amended complaint fails because no such claim is currently before the Court. Second, Ex parte Lovejoy, 790 So. 2d 933 (Ala. 2000), forecloses the argument that Plaintiffs should be allowed to pursue their claims against Defendants VRI and Lombard in federal court because those Defendants are not signatories to any contract containing an arbitration provision. In Lovejoy, the Alabama Supreme Court held that "a plaintiff may be compelled to arbitrate his or her claims against a nonsignatory to a contract containing an arbitration provision if the claims are founded on, and are intertwined with, the facts surrounding the underlying contract that

---

[1] In their efforts to establish the procedural unconscionability of the Declaration's arbitration clause, Plaintiffs cite Villa Milano Homeowners Association v. Il Davorge, 84 Cal. App. 4th 819 (2000), a decision of a California appellate court that turned on the application of California law. Not only is Villa Milano obviously non-binding, it is unpersuasive and distinguishable for the reasons articulated in the Escapes Defendants' reply brief. See Doc. 56 at 5-9.

5

contains the arbitration clause." Id. at 937 (citation and internal quotation marks omitted).  That condition is satisfied where, as here, a plaintiff alleges a conspiracy between a nonsignatory and a signatory.  Id.; see Doc. 40 at 13 ("VRI and Lombard converted VOA assets and conspired with Escapes to oppress the VOA and its members.").

Plaintiffs' only remaining argument is that Count Three of Third Amended Complaint is outside the scope of the Declaration's arbitration clause because, by way of that count, the VOA seeks to recover purportedly unpaid common expense assessments.  See Doc. 40 at 8-13.  Plaintiffs contend that the Declaration "specifically authorize[s]" the VOA to seek such recovery through a lawsuit.  Id. at 8-9.  In support, Plaintiffs cite § 21.10.A of the Declaration, which, in pertinent part, provides that

> [a]ny default in the payment of any Assessment or Fees or the violation of any provision of the Development Instruments by a Vacation Week Owner, members of his family, his guests, tenants, licensees or invitees, shall be grounds for an action to recover sums due and/or damages, for injunctive relief, or both, and for the reimbursement of all costs and attorneys' fees incurred in connection therewith, as well as late fees and interest on any delinquent amounts.

(Doc. 19-1 at 45, § 21.10.A).

However, the allegations supporting Count Three do not necessarily demonstrate a default on Defendants' part.  Nowhere in the Third Amended Complaint do Plaintiffs allege that Defendants failed to render payment to the VOA after having been properly billed; rather, Plaintiffs contend that the Palm Beach Resort's property manager failed to bill Defendant Escapes!, Inc. for its full share of common expenses.  (Doc. 19 at 14, ¶ 51).  The question of whether Defendant Escapes!, Inc. was underbilled implicates § 21.09.K of the Declaration, which limits the VOA's ability to assess Escapes!, Inc.  See Doc. 19-1 at 45, § 21.09.K ("[T]he Vacation Week Developer shall not be assessed by the VOA for any portion of the VOA Common Expenses attributable to any Vacation Week Interest(s) of which it is deemed the

6

Owner."). Plaintiffs argue that § 21.09.K conflicts with Alabama law and is therefore unenforceable. (Doc. 40 at 9-10). Defendants disagree. (Doc. 56 at 11). This difference of opinion constitutes a dispute between parties whose rights or duties are affected or determined by the Declaration. As explained above, Declaration § 20.05 unambiguously requires that such a dispute be submitted to arbitration.[2]

      C.      Certification of state law questions

Without offering any authority to support their request, Plaintiffs urge this Court to certify to the Alabama Supreme Court two matters of apparent first impression. The Court is not persuaded that it is appropriate to do so.

Arbitration is strictly a matter of contract. SouthTrust Bank v. Ford, 835 So. 2d 990, 995 (Ala. 2002). Whether an arbitration provision encompasses a party's claims is a matter of contract interpretation guided by the intent of the parties. Allied-Bruce Terminix Cos. v. Dobson, 684 So. 2d 102, 110 (Ala. 1995). Absent ambiguity, such intent is evidenced by the plain language of the arbitration provision itself. Id. Quite clearly, the arbitration provisions expressed in the Declaration and property management agreement contain no carve-out for novel questions of state law. In the context of an arbitrable dispute, the only judicial action allowed by the parties' contracts is the enforcement of an arbitral award. See Doc. 19-1 at 33, § 20.05 ("All parties subject to this Declaration forego all right to take legal action thereunder except to enforce any arbitration award, which award shall be a condition precedent to any right of legal

---

[2] The arbitration clause at § 20.05 applies with equal force to both fee simple units (addressed by Articles 1-20 of the Declaration) and timeshare units (addressed by Article 21). See Doc. 19-1 at 34, § 21.01 ("Should any Unit be committed to interval ownership as contemplated by Article IV above[,] the provisions of the first twenty Articles of this Declaration shall continue to apply to the Unit and to govern the ownership and occupancy of the Unit. In addition to the provisions contained in Article I through Article XX[,] a Unit committed to interval ownership shall also be governed by the provisions of this Article XXI.").

action that any party may have against the other."). Certification would therefore be contrary to both the parties' agreement to resolve their differences out of court and the core objectives of arbitration. See Saxis S. S. Co. v. Multifacs Int'l Traders, Inc., 375 F.2d 577, 582 (2d Cir. 1968) ("[E]xtensive judicial review frustrates the basic purpose of arbitration, which is to dispose of disputes quickly and avoid the expense and delay of extended court proceedings.").

Accordingly, it is **ORDERED** that the Escapes Defendants' motion to compel arbitration (Doc. 38) is **GRANTED** as to all claims asserted by all Plaintiffs other than the COA. It is **FURTHER ORDERED** that all proceedings by Plaintiffs VOA, John Pope, and Natalie Bobsin are hereby **STAYED** pending resolution of the ongoing arbitration. Further, the parties are **DIRECTED** to file a Status Report in this case no later than **Monday, September 17, 2012**.

### III.     Motion For Leave To Amend Complaint (Doc. 41)

Shortly after filing their response in opposition to the Escapes Defendants' motion to compel arbitration, Plaintiffs moved the Court for leave to amend their complaint to allege additional causes of action and name additional plaintiffs. (Doc. 41). The Federal Rules state that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The motion is moot to the extent that it has been brought by Plaintiffs whose claims must be arbitrated. However, by way of the same motion, the COA seeks leave to allege a diminution of value claim against Defendants. (Doc. 41-1 at 16-17, ¶¶ 55-62). Though Defendants generally opposed Plaintiffs' motion for leave, they did not specifically address the amendment sought by the COA. (Doc. 51). Accordingly, the Court must determine whether justice requires granting leave to the COA.

Generally, in the absence of undue prejudice to the non-movant, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, or futility, leave to amend should be freely given when justice so requires. Foman v. Davis, 371 U.S. 178, 182 (1962). The federal rules favor allowing amendments. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."). The Eleventh Circuit has instructed that "there must be a substantial reason to deny a motion to amend." Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001).

Plaintiffs' motion was timely filed within the deadline established by the Rule 16(b) scheduling order (Doc. 24 at 2, ¶ 5), and the parties should have sufficient time before the close of discovery on August 6, 2012 to conduct discovery regarding the COA's single amendment.[3] Though Plaintiffs have sought to amend their complaint four times since commencing this action, the proposed amendment is the first offered since the COA was named as a party, and the docket does not indicate that the COA has engaged in undue delay or exhibited a dilatory motive or repeatedly failed to cure deficiencies. Accordingly, Plaintiffs' motion for leave to amend is **GRANTED in part** with respect to the COA's amendment to Count Three and otherwise **DENIED AS MOOT**. The COA is **DIRECTED** to file on or before **Tuesday, June 26, 2012**, an amended complaint that sets forth only its two claims against Defendants and the factual allegations relevant thereto. Defendants shall file their answer or other responsive pleading on or before **Monday, July 9, 2012**.

---

[3] Defendants did not advise the Court of any prejudice they would experience should the Court allow the amendment. Should the parties require additional time for discovery, they may move for an extension.

**DONE** and **ORDERED** this the **21ˢᵗ** day of **June 2012**.

            /s/ Kristi K. DuBose
            **KRISTI K. DuBOSE**
            **UNITED STATES DISTRICT JUDGE**