IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PALM BEACH VACATION OWNERS      )
ASSOCIATION, INC., *et al.*,     )
                                 )
     Plaintiffs,                 )
                                 )
vs.                              )     CIVIL ACTION 12-00027-KD-B
                                 )
ESCAPES!, INC., *et al.*,        )
                                 )
     Defendants.                 )

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants Escapes!,
Inc. ("Escapes"), Escapes! to the Gulf, Inc., and Escapes!
Property Management, LLC. ("EPM"), Escapes! Travel Choices, LLC,
Kent Burger and Neff Basore's (collectively referenced as "the
Escapes Defendants") Motion to Dismiss Plaintiff's Fourth
Amended Complaint or, in the Alternative, to Compel Arbitration
(Doc. 75), Defendants Dan Lombard and Vacation Rentals, Inc.'s
Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 78)
and the Escapes Defendants' Motion to Dismiss Plaintiff's Claim
for Declaratory Judgment as Moot, or in the Alternative, Renewed
Motion for Judgment on the Pleadings (Doc. 81).  The motions,
which have been fully briefed, have been referred to the
undersigned Magistrate Judge for entry of a Report and
Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 20, 2012, the undersigned conducted a hearing at

which counsel for all the parties participated.   Based upon a careful review of Defendants' motions and supporting memorandums, Plaintiff's briefs in opposition, the pleadings on file and the arguments of counsel at the hearing, the undersigned RECOMMENDS that Defendants' motions be GRANTED, in part, and DENIED, in part.

**I.   Background**

This action involves the Palm Beach Condominium Resort ("the Resort"), located in Orange Beach, Alabama.   The Resort is compromised of 100 condominium units, 55 of which are fee simple units.   Plaintiff Palm Beach Condominium Owners Association Inc. ("COA") is the condominium association that represents the owners of the 55 fee simple units.   (Doc. 73 at 6).   The remaining 45 units have been dedicated to time share ownership, and the owners of the time share interests (*i.e.* vacation week owners) are represented by the Palm Beach Vacation Owners Association, Inc. (the "VOA").   On February 12, 2001, Defendant Escapes, who is the Developer of the Resort, and the VOA entered into a property management agreement which provided that the Developer would manage the time share units.   (Id.).   Later, Defendant Escapes assigned the property management contract for the VOA controlled units to EPM.   (Id.).   On February 1, 2005, the COA and EPM entered into a property management agreement whereby EPM was to provide property management services for the

COA controlled units.  (Doc. 73 at 7).

At some point, VOA retained Defendant Vacation Rentals to provide bookkeeping, accounting, bill paying and other administrative services for the association.  (Doc. 73 at 6). Subsequent thereto, the COA entered into a similar contract with Defendant Vacation Rentals.  (Id.).

In January 2012, the VOA commenced this action in state court against Escapes!, Inc., Escapes!, the Gulf, Inc. and EPM. (Doc. 1-1 at 2-6).  In the Complaint, the VOA sought a declaration regarding the rightful control of the VOA.  The action was removed to federal court, and shortly thereafter, the complaint was amended to include the COA, Natalie Bobsin, and John Pope as additional plaintiffs, and to add Travel Choices, LLC, Kent Burger, Neff Basmore, Dan Lombard and Vacation Rentals as additional Defendants.  (Doc. 17).  In an Order dated June 21, 2012, the Court granted the Escapes Defendants' Motion to Compel Arbitration as to all claims asserted by all Plaintiffs other than the COA.  (Doc. 71).  The Court also stayed all proceedings by Plaintiffs VOA, John Pope, and Natalie Bobsin pending the resolution of the ongoing arbitration, and granted the COA's motion to amend its complaint.  (Id.).

In the COA's Fourth Amended Complaint (Doc. 73), it alleges that "[t]hrough the self-serving contracts with its affiliates and through the illegal provisions of the [Resort's] Declaration

[of Condominium], [the Developer] Escapes has prevented the VOA from billing and collecting the VOA common assessments that Escapes owes the VOA under the Act." (Id. at 7).  The COA also asserts that the failure of Escapes (the Developer) to pay the VOA its fair share of VOA common expenses has prevented the VOA from adequately maintaining the time share units, and such failure reflects poorly upon the entire Resort, including the 55 COA controlled units.  The COA further asserts that EPM has done a poor job providing property management services to the COA and the VOA, and as a result, the COA sought to terminate its contract with the EPM in January 2012.  The COA asserts that extensive disputes exist between the COA and the Escapes Defendants because the Developer and its affiliates continue to interfere with and attempt to maintain long term control over the COA and the VOA as well as the condominium buildings and property. (Id. at 10).

The COA's Fourth Amended Complaint contains two counts, one for a declaratory judgment, and one for breach of contract. (Id. at 10-12).  With respect to the claim for a declaratory judgment, the COA requests that this Court determine the rights, duties and obligations of the parties under the COA's property management contract with EPM, and its right to control and manage its property, including its right to cancel the contract. The COA also requests any other relief to which it may be

entitled, including attorney's fees and costs under the Alabama
Uniform Condominium Act of 1991 ("the Act").  (Id. at 11).  With
respect to the breach of contract claim, the COA seeks
compensatory damages for the diminution in value of the COA
units, attorney's fees and other costs of collection.  (Id. at
12).

   In their motion to dismiss the COA's Fourth Amended
Complaint, the Escapes Defendants argue that the COA has no
standing to assert a breach of contract claim based on the
Developer's alleged failure to pay the VOA its proper
assessments because the COA "has absolutely no right to the
VOA's assessments".  (Doc. 75).  In the alternative, the Escapes
Defendants assert that the claim should be submitted to
arbitration based on the arbitration agreement contained in the
Declaration.   The Escapes Defendants further argue that the
COA's claim for a declaratory judgment is due to be dismissed.
According to the Escapes Defendants, the Court should enter
judgment on the pleadings on this claim because the Escapes
Defendants consent to the termination of EPM's property
management contract with the COA; the contract has in fact been
terminated; and there is no justiciable issue or controversy
between the parties.  In the alternative, the Escapes Defendants
argue that this claim should be submitted to arbitration.
(Docs. 78, 81).

In their motion to dismiss (Doc. 78), Defendants Vacation Rentals and Dan Lombard argue that the COA has failed to allege sufficient facts to support a claim for a declaratory judgment against them, and that even if the allegations were construed as sufficient to state a claim, the claim should nevertheless be dismissed as moot for the reasons asserted by the Escapes Defendants. With respect to the COA's breach of contract claim, Defendants Vacation Rentals and Dan Lombard argue that there is no contract or privity between them and the COA; thus, the COA lacks standing to assert the claim.

In its response in opposition (Doc. 84), the COA argues that the Defendants' motions are moot because the COA, on July 25, 2012 submitted all of its claims to arbitration in light of the Court's earlier ruling. The COA also argues that its breach of contract claim is two fold. According to the COA, EPM breached its property management contract with the COA by rendering poor property management services, and the COA controlled units suffered a decline in value as a result. The COA also claims that it is an intended third party beneficiary of the VOA's property management contract with EPM, and that its property units suffered diminution in value because EPM did not fulfill its contract with the VOA when it failed to bill and collect from the Developer the VOA common expense assessments as required by the Act.

II.    __Discussion__

    **A. Legal Standard**

    In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts the non-moving party's factual allegations as true. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Moreover, the rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), the Supreme Court explained that while a complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations in order to withstand attack, the complaint must however contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Where a defendant has asserted a mootness challenge, it is essentially a challenge to the court's subject matter jurisdiction, and Rule 12(b)(1) of the Federal Rules of Civil Procedure provides the proper frame for evaluating such challenges.  Sheely v. MRI Radiology Network, P.A., 505 F. 3d 1173, 1182 (11th Cir. 2007).  Jurisdiction may be challenged facially or factually.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003); Lawrence v. Dunbar, 919 F.2d 1525, 1528-1529 (11th Cir. 1990).  "'Facial attacks' on the complaint require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'"  Lawrence, 919 F.2d at 1529 (internal quotation marks omitted).  Facial attacks afford a plaintiff the "safeguards similar to those provided in" a Rule 12(b)(6) motion because the court must consider the complaint's allegations as true.  Id.  On the other hand, factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  Id.  With factual attacks, the court does not consider the allegations of the complaint to be true.  Id.

**B. Analysis**

   **1.  Defendants Lombard and Vacation Rentals**

Based upon the record before the Court, the undersigned finds that the COA has failed to state a claim against Defendants Lombard and Vacation Rentals.  In the Fourth Amended Complaint, the COA alleges that Lombard is president of Vacation Rentals, and that Vacation Rentals was retained, through separate contracts, by both the COA and the VOA to provide bookkeeping, accounting, bill paying and other administrative services.  (Doc. 73 at 6).  A searching review of the Fourth Amended Complaint fails to reveal any allegations regarding any improper actions or omissions by either Lombard or Vacation Rentals.  Accordingly, the undersigned finds that the COA claims against these two defendants are due to be dismissed for failure to state a claim.

### 2. The Escapes Defendants

#### a. Declaratory Judgment

As noted supra, the Escapes Defendants argue that Count Two of Plaintiff's Fourth Amended Complaint, which contains the COA's request for a declaratory judgment, is moot because the property management contract with EPM has been cancelled; thus, the COA has the relief it sought through the declaratory action, namely termination of the EPM contract.  Article III of the United States Constitution limits the jurisdiction of federal courts to cases and controversies.  <u>Christian Coal. of Fla., Inc. v. United States</u>, 662 F.3d 1182, 1189 (11th Cir. 2011)

(quotations omitted). "[T]here are three strands of justiciability doctrine -- standing, ripeness, and mootness -- that go to the heart of the Article III case or controversy requirement." Id. With regard to mootness, the Supreme Court has explained that "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Id. (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S. Ct. 447, 449 (1992). "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotations marks omitted).

As a general rule, settlements and offers for the full relief requested have been found to moot a claim because the plaintiff no longer has a legally cognizable interest in the outcome. See Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F. 3d 1240, 1244 (11th Cir. 2003); Greisz v. Household Bank (Ill.), N.A., 176 F. 3d 1012, 1015 (7th Cir. 1999) ("By offering $1,200 plus reasonable costs and attorney's fees, the bank was offering her more than her claim was worth to her in a pecuniary sense. Such an offer, by giving the plaintiff the equivalent of a default judgment . . . eliminates a legal dispute upon which

federal jurisdiction can be based."); _Mackenzie v. Kindred Hosps. E., L.L.C._, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003) (offer of full relief eliminates a legal dispute upon which federal jurisdiction can be based and renders the case moot). However, where a defendant's offer does not satisfy the plaintiff's entire demand or offer full relief, it does not extinguish the plaintiff's claim. _Wilcox v. Allied Interstate, Inc._, 2012 U.S. dist. LEXIS 38692 (N.D. Ga. March 20, 2012) (the defendant's offer did not satisfy the plaintiff's entire demand or offer full relief where offer did not address or include the plaintiff's invasion of privacy claim, limited her FDCPA claims to $1,000 and also limited the time period for which the plaintiff may be entitled to recover costs and attorney's fees); _see also_ _Zinni v. ER Solutions, Inc._, 2012 U.S. App. Lexis 18163 (11th Cir. 2012). In _Zinni_, a panel of the Eleventh Circuit recently held that a plaintiff's claims were not moot because the defendant's settlement offer, which included the maximum damages recoverable under the Fair Debt Collection Practices Act and reasonable attorneys' fees and costs, did not moot the plaintiff's claim. (_Id._). The panel observed that the offer did not provide the plaintiff with full relief because it did not include an offer of judgment. Thus, the panel found that the plaintiff's claims were not moot. (_Id._).

In this case, the COA, in requesting a declaratory

judgment, specifically requested that the court:

> determine the rights, duties and obligations
> of the parties under the COA's property
> management contract with EPM, as well as the
> COA's rights to control and manage its
> property under its condominium documents by-
> laws and rules and regulations, including
> the right to cancel the contract with EPM,
> and that the COA has the right to operate
> and manage the COA without interference from
> the Defendants.  The COA also requests any
> other relief to which it may be entitled at
> law or equity, including attorney's fees and
> costs under the Act.

(Doc. 73 at 10-11).

As noted supra, the Escapes Defendants argue that this claim is now moot because the EPM's property management contract with the COA was terminated effective March 5, 2012, that the EPM has acknowledged EPM's right to cancel the contract, that the EPM has waived any right to seek any damages from the COA as a result of the cancellation, and that a judgment on the pleadings should be issued.  At the hearing conducted on August 20, 2012, counsel for EPM advised the Court that the Escapes Defendants consent to the entry of judgment in favor of the COA on the claim for a declaratory judgment.

The COA contends that notwithstanding the Defendants' assertions, the claim for a declaratory judgment is not moot because when the COA provided the Escapes Defendants with notice of cancellation of the property management contract, they repeatedly asserted that the COA did not have the right to

unilaterally cancel the contract. According to the COA, "[w]ithout a judgment declaring that the COA had the right to cancel the contract, Escapes could, in the future, bring an action claiming breach of contract and damages because of the COA's unilateral termination." (Doc. 84 at 16). Additionally, at the hearing, counsel for the COA argued that the declaratory claim is not moot because the parties are having ongoing disputes about operation of the Resort since EPM continues to manage the VOA units at the Resort, that an order declaring the parties' rights with respect to operation of the Resort is needed, and that the COA has not been granted full relief because the COA has incurred attorney's fees in pursuing this action; yet, the Escapes Defendants have not agreed to pay reasonable fees incurred in bringing the declaratory action.

The undersigned finds that it is undisputed that the property management contract between the COA and EPM was terminated effective March 5, 2012, and that the Escapes Defendants have agreed to the entry of a judgment against them declaring the COA's right to cancel the contract, and control the COA. The Escapes Defendants have not however addressed the COA's request for attorney's fees other than to indicate at the hearing that because the Escapes Defendants had abandoned their challenge to the COA's termination of the contract by the time the Complaint was filed, no attorney fees are justified.

Because the COA requested attorney fees and costs in connection with its claim for a declaratory judgment, and the Escapes Defendants have not agreed to pay reasonable attorney fees, it is clear that the offer extended by the Escapes Defendants does not provide full relief to the COA.  Thus, the undersigned finds that the COA's claim for declaratory judgment is not moot.

At the hearing, counsel for the parties agreed that to the extent the Court finds that the COA's claim for a declaratory judgment is not moot, it must be submitted to arbitration pursuant to the Condominium Declaration.  Accordingly, the undersigned recommends that Defendant's motion to dismiss count two be denied, and that their request that this claim be submitted to arbitration be deemed moot because the COA has already submitted the claim to arbitration.

### b. Breach of Contract

In their motion, the Escapes Defendants also argue that the COA's claim for breach of contract should be dismissed because the COA has no standing to sue for the Escapes Defendants' alleged failure to pay VOA assessments.  According to the Escapes Defendants, any obligation to pay VOA assessments derives from the contract provisions in the Declaration that exist between the VOA and Escapes, and the COA has no standing to assert a diminution in value claim based solely on an alleged injury to the VOA.  In response, the COA contends that its

14

breach of contract claim is two fold.  First, the COA contends that a contract existed between it and EPM, and that EPM breached the property management contract because it provided poor property management services to both the COA and the VOA, and this, in turn, has contributed to the diminution in the value of the COA's units.  The COA also claims that it is a third party beneficiary of the VOA's contract with EPM, and that EPM's failure to fulfill its obligation to bill and collect from the Developer the VOA common expense assessments as required by the Alabama Uniform Condominium Act of 1991 has caused a diminution in the value of its units.

The undersigned finds that while the COA's claim that the EPM breached their management contract is not the model of clarity, the Fourth Amended Complaint contains enough facts to state a beach of contract claim against EPM.  In the body of the Fourth Amended Complaint, the COA asserts that it had a property management contract with the EPM for management of the COA units, that COA provided poor property management services, and as a result, the COA took steps to terminate the contract.  In Count Two of the Complaint, which is labeled breach of contract, the COA expressly reasserts and incorporates these allegations.  Thus, taking the COA's assertions as true, the undersigned finds that the COA has pled sufficient facts to state a breach of contract claim against the EPM based upon the property

management contract that existed between the EPM and the COA. Here again, the parties are in agreement that to the extent this claim is not dismissed for failure to state a claim, it must be submitted to arbitration pursuant to the arbitration provisions contained in the Declaration and the parties' management agreement. Because the COA has already submitted this claim to arbitration, Defendant's request that the parties be compelled to submit this claim to arbitration is moot.

As noted, the COA also claims to be a third-party beneficiary of the VOA's management contract with EPM. The law is settled that "one not a party to, or in privity with a contract, cannot sue for its breach unless the contracting parties intended that the third party receive a direct benefit enforceable in court.'" Dunning v. New England Life Ins. Co., 890 So. 2d 92, 97 (Ala. 2003) (citation omitted). In other words, "a third person has no rights under a contract between others." Russell v. Birmingham Oxygen Serv., Inc., 408 So. 2d 90, 93 (Ala. 1981). This means that a third party generally lacks standing to sue based on a breach of the contracting parties' agreement. However, if a third party is able to establish that the contract was intended for his direct, as opposed to his incidental, benefit, he can recover. Mills v. Welk, 470 So. 2d 1226, 1228 (Ala. 1985). To prevail on a third-party beneficiary theory, the plaintiff must show: 1) that the

16

contracting parties intended, at the time that the contract was created, to bestow a direct benefit upon a third party; 2) that the complainant was the intended beneficiary of the contract; and 3) that the contract was breached.  Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc., 512 So. 2d 99, 101-02 (Ala. 1987); McGowen v. Chrysler Corp., 631 So. 2d 842, 848 (Ala. 1993) ("The critical inquiry involves a determination of intent, and third parties may sue on the contract only if it may be said to have been intended for their direct as opposed to incidental benefit.").

In this case, the COA contends that it is a third-party beneficiary of the property management contract between EPM and the VOA.  In support of its assertion, the COA points to the Declaration of Condominium of Palm Beach Condominiums (Doc. 19-1, § VII, 21.07 and 20.02).  According to the COA, the Declaration contains multiple provisions that evidence the intent of the parties to protect the interests of all owners. (Doc. 84).  The undersigned finds that while the Declaration may evidence an intent to protect the interests of both the VOA members and the COA members, the question before the Court is whether the parties to the EPM/VOA property management agreement intended to bestow a direct benefit, as opposed to an incidental

benefit, on the COA at the time they entered the agreement[1].   The
COA has not alleged nor pointed to any language in the EPM/VOA
agreement that evidences an intent to bestow a direct benefit on
the VOA. Moreover, the COA's reliance on the Declaration is
misplaced because there is nothing in the Declaration, which was
executed prior to the property management agreement, that
suggests that future contacts entered into by the COA and the
VOA would be for each other's benefit.   Further, the fact that
the COA and the VOA each executed separate property management
agreements, years apart, suggests that the primary purpose of
the agreements was to benefit the individual contracting
association, and that any benefits which the COA reaped from the
VOA's separate property management agreement was incidental.
Accordingly, the undersigned finds that the COA has failed to
proffer sufficient facts from which it can be inferred that in
entering into the property management agreement, the VOA and EPM
intended to directly benefit the COA.   Because the COA has
failed to state a breach of contract claim against EPM based on
the EPM/VOA agreement, that claim should be dismissed.

　　　In conclusion, the undersigned finds that the COA's claims

---

[1]   As noted, the VOA actually entered into a property
management agreement with Escapes, the Developer, on February
12, 2001, and on March 1, 2004, the Developer's interest in the
contract was assigned to the EPM.   (Doc. 73).

against Defendants Dan Lombard and Vacation Rentals are due to be dismissed and, therefore, the undersigned recommends that Defendants Lombard and Vacation Rentals' motion to dismiss (Doc. 78) be granted.  In addition, the undersigned recommends that the Escapes Defendants' Motion to Dismiss Plaintiff COA's Fourth Amended Complaint (Doc. 75) be denied except as follows: the undersigned recommends that said motion to dismiss be granted as to the COA's breach of contract claim based on the EPM/VOA agreement.  Last, for the reasons set forth herein, the undersigned recommends that the Escapes Defendants' Motion to Dismiss, or Alternatively, Renewed Motion for Judgment on the Pleadings (Doc. 81) be denied.[2]

DONE this **17th** day of **September, 2012.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] In light of the instant Report and Recommendation, Docs. 74 and 86 are denied as moot.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of

---

[3]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.   Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.