# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PALM BEACH VACATION OWNERS | ) | |
| ASSOCIATION, INC., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 12-00027-KD-B |
| | ) | |
| ESCAPES!, INC., *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

This matter is before the Court on a Motion for Entry of Final Judgment filed by Defendants Escapes!, Inc., Escapes! To the Gulf, Inc., Escapes! Property Management, LLC, Escapes! Travel Choices, LLC, Kent Burger, and Neff Basore – the Escapes! Defendants -- (Doc. 115), which this Court construes as a Motion to Confirm Arbitration Award. Specifically, the Escapes! Defendants request that his Court confirm the arbitrators' final "Award of Arbitrators" (Doc. 115-2), filed with the Court.

At the outset, the parties were given the opportunity to file an objection to the Escapes! Defendants' motion to confirm the arbitration award. (Doc. 116). No objections were filed. Thus, the Court finds the motion unopposed.

As to the motion itself, judicial review of commercial arbitration awards is narrowly limited under the *Federal Arbitration Act* ("FAA"). 9 U.S.C. § 10-11. As enunciated in Frazier v. CitiFinancial Corp., LLC, 2010 WL 1727446, *7-8 (11th Cir. Apr. 30, 2010):

> Section 9 of the FAA provides that, upon application of any party to the arbitration, the court must confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute. 9 U.S.C. § 9. As described supra, section 10 permits vacatur of arbitration awards only in four narrow circumstances: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient

cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Under section 11, arbitration awards may be corrected and/or modified in three situations, only two of which are alleged to exist in this case: "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted," and "[w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11(b), (c). There is a presumption under the FAA that arbitration awards will be confirmed, and "federal courts should defer to an arbitrator's decision whenever possible." ...

There is no indication that either the four (4) statutory (and narrow) bases for vacating an award or the three (3) non-statutory grounds, are present or applicable. Additionally, there are no challenges to either the arbitrators' final order or to the pending motion. Thus, pursuant to Section 9 and in light of the Eleventh Circuit's direction for this Court to give deference to the decision of an arbitrator, Frazier, 2010 WL 1727446, *8, the Escapes! Defendants' Motion to Confirm (Doc. 115) is **GRANTED.**

Based on the foregoing, the Escapes! Defendants' Motion to Confirm (Doc. 115) is **GRANTED** and it is hereby **ORDERED, ADJUDGED** and **DECREED** that the arbitrator's the arbitrators' final "Award of Arbitrators" (Doc. 115-2) is **CONFIRMED** such that **JUDGMENT** shall be entered, by separate order, accordingly.

**DONE** and **ORDERED** this the **10th** day of **July 2014**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**